**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 12 2012, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHNNY LEE GIBSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1109-CR-494 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Judge
Cause No. 45G04-1010-FA-43

**April 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Johnny Lee Gibson appeals his sentence following his conviction for rape, as a Class B felony, pursuant to a guilty plea.[1] Gibson raises a single issue for our review, namely, whether his fifteen-year sentence is inappropriate in light of the nature of the offense or his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2010, Gibson was riding his bicycle in East Chicago when he saw S.I., a teenaged girl,[2] walking down the street. Gibson approached S.I. and asked her whether he could "date her." Appellant's App. at 58. After S.I. ignored Gibson's question, Gibson dismounted his bike, grabbed S.I., and dragged her to a nearby driveway. Gibson then forced S.I. to the ground, pinned her with his body weight, and raped her.

On October 7, Gibson approached P.G. as she was walking to her house in East Chicago. P.G. was near the front door of her house when Gibson asked her whether she had "a light." Id. P.G. replied that she "did not smoke," and Gibson grabbed P.G. and attempted to drag her away from the house. Id. But Gibson fled after a light came on inside the house.

On October 8, Gibson saw A.O., who was then sixteen years old, walking in an alley in East Chicago. Gibson approached A.O. and tried to talk to her, but she ignored

---

[1] Gibson also pleaded guilty to two counts of battery, as Class B misdemeanors, but he does not appeal his sentences on those counts.

[2] The record shows that S.I. was either fourteen, fifteen, or sixteen years old at the time of the offense.

him. Gibson then grabbed A.O. and started to force her further into the alley when a screen door slammed. Gibson fled.

On October 10, the State charged Gibson with rape, as a Class A felony; confinement, as a Class D felony; intimidation, as a Class D felony; battery, as a Class A misdemeanor; pointing a firearm,[3] as a Class A misdemeanor; carrying a handgun without a license, a Class A misdemeanor; and two counts of battery, as Class B misdemeanors. And on June 28, 2011, the State amended the information to add one count of rape, as a Class B felony. Also on that date, Gibson pleaded guilty to rape, as a Class B felony, and two counts of battery, as Class B misdemeanors. In exchange for his plea, the State dismissed the remaining charges.

Gibson's plea agreement capped the executed portion of his sentence for rape at fifteen years and stipulated to six-month, concurrent sentences for the battery convictions. At sentencing, the trial court identified two mitigators, namely, Gibson's youth and guilty plea. And the trial court found two aggravators, namely, Gibson's criminal history and that he is in need of correctional and rehabilitative treatment that can best be provided by commitment to a penal facility. The trial court found that the aggravators outweighed the mitigators and imposed a fifteen-year sentence for the rape count, and concurrent six-month sentences for each battery count, for an aggregate term of fifteen years executed. This appeal ensued.

---

[3] The probable cause affidavit states that Gibson pointed a handgun at P.G. and that he was armed during his encounter with A.O. But those facts were not part of the stipulated factual basis submitted to the trial court.

**DISCUSSION AND DECISION**

Gibson argues that his fifteen-year sentence is inappropriate. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and her character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the

culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

The advisory sentence for rape, as a Class B felony, is ten years, and the sentencing range is six to twenty years. Gibson contends that his fifteen year sentence is inappropriate given that: (1) his criminal history consists "only" of three juvenile adjudications (battery, possession of marijuana, and criminal trespass) and a single conviction as an adult for misdemeanor false informing, "none of which resulted in any substantial incarceration and none of which were similar in nature to, or as grave as" the instant offense; and (2) the instant offense "appears to be [the sort of rape] contemplated by the legislature for an advisory sentence." Brief of Appellant at 4. Gibson states that, "[w]ithout diminishing its impact on S.I., or excusing Gibson's conduct, this rape appears to be 'standard.' " Id. at 4-5. Finally, Gibson maintains that, absent "anything particularly egregious about this sexual assault, it thus appears that [the trial court's] assessment of Gibson's need for correctional/rehabilitative treatment was derived solely from the other noted aggravator—criminal history." Id. at 5.

In essence, then, Gibson maintains that his sentence is inappropriate in light of his character, as reflected by his criminal history. But Gibson was only nineteen years old at the time of the instant offense and his criminal history includes three juvenile adjudications, one of which was a battery against a girl. In addition, Gibson was adjudicated a juvenile delinquent for the offense of possession of marijuana while he was on probation for the battery adjudication. And he was adjudicated a delinquent for criminal trespass only a few months after completing probation on the possession of

marijuana adjudication. Gibson was also convicted of false informing as an adult, less than a year before the instant offense. Finally, Gibson fled his home and did not appear at his sentencing hearing. His stepfather contacted the U.S. Marshal's office in an attempt to find Gibson. He was ultimately picked up in Hammond. In short, Gibson's criminal history reflects a consistent pattern of disregard for the rule of law.

Moreover, Gibson's testimony at the sentencing hearing reflects his poor character. When given an opportunity to express remorse for his actions, Gibson instead tried to change his version of what had occurred with A.O. Even though he had already admitted to forcing her into the alley, at sentencing he said, "But I didn't force her down the alley or nothing like that[.]" Transcript at 59. And when Gibson was asked whether he had planned to rape S.I. before he approached her, he said that it was not planned but was "just . . . something that happened." Id. at 60. Gibson told the trial court that he "didn't grab" S.I., but that they "talked and . . . ended up having sex[.]" Id. at 55. We agree with the trial court when it found that Gibson "has not fully come to terms with what he is, and. . . that is that he is a rapist." Id. at 69-70. We cannot say that Gibson's fifteen-year sentence is inappropriate in light of his character.

Gibson also contends that his sentence is inappropriate in light of the nature of the offense. Again, he asserts that the rape of S.I. was "standard." Brief of Appellant at 5. But S.I. was a minor at the time of the offense. And S.I. submitted a letter to the trial court expressing that Gibson "took . . . [her] peace of mind" and that she "no longer feel[s] safe[.]" Transcript at 25. We cannot say that Gibson's sentence is inappropriate in light of the nature of the offense.

In sum, Gibson has not carried his burden of demonstrating that his sentence is an outlier. Gibson's failure to appear at his sentencing hearing, coupled with his failure to accept responsibility for his conduct and his criminal history, show a poor character and support the trial court's imposition of a fifteen-year aggregate sentence. We hold that Gibson's sentence is not inappropriate in light of the nature of the offense or his character.

Affirmed.

RILEY, J., and DARDEN, J., concur.